JULIUS GROMER, ADMINISTRATOR, APPELLANT, v. JOSEPH GEORGE AND ANTONIO GEORGE, RESPOND-ENTS. ·

Submitted March 26, 1917—Decided June 18, 1917.

In a suit against a father and son for damages sustained by reason of the negligent operation, by the son, of an automobile, the admission of alleged hearsay testimony that the ownership of the automobile was in the son, and not in the father, was harm-less, where the jury found the son "not guilty" of negligence, since, if the father was the owner of the car and the son was on his father's business, as his agent or servant, at the time of the infliction of the injury, the father would not have incurred any legal responsibility therefor unless it also appeared that the injury was due to the son's negligence and to which the de-cedent did not in anywise proximately contribute.

---

On appeal from the Supreme Court.

For the appellant, *William Greenfield.*

For the respondents, *John A. Matthews* and *William J. Dowd.*

The opinion of the court was delivered by·

KALISCH, J.   The appellant, who was the plaintiff below, appeals from a judgment entered on a verdict rendered by a jury in favor of the respondents, defendants below.

The appellant brought his action, as administrator of the estate of his son, a lad fourteen years of age, in the court be-

low, against the respondents, father and son, to recover damages for negligently causing the death of appellant's son.

The complaint charged the respondents with being "the owners, proprietors or lessees of a certain automobile," &c., and that on the 30th day of May, the respondents, their agents, servants, &c., did operate and run the automobile along the public highway, at a high rate of speed and in a careless, reckless and negligent manner, run into and against the appellant's decedent, who was then and there lawfully on the public highway, &c.

It is to be observed that the gravamen of the charge is negligence. This charge was negatived by the jury finding a verdict in favor of both respondents. On the trial the appellant sought a recovery against both respondents upon the theory that the father was the owner of the automobile, and that the son, while on the business of his father, negligently operated the car with the result as above stated.

The principal ground relied on by the appellant for a reversal of the judgment is that the trial judge illegally admitted hearsay testimony concerning the ownership of the automobile, in Antonio George, the son.

Even upon the assumption that such testimony was improperly admitted, it is obvious from the verdict of the jury, finding the son not guilty of negligence, that the admission of such testimony was harmless. For it is plain that if the father was the owner of the car, and the son was on his father's business, as his agent or servant, at the time of the infliction of the injury upon appellant's decedent, the father would not have incurred any legal liability therefor, unless ·it also appeared that the injury to the appellant's decedent was due to the son's negligence and to which the decedent did not in anywise proximately contribute.

The remaining exceptions discussed in the brief of counsel for appellant relate to what the trial judge said in his charge to the jury was necessary to be established by the evidence in order to make the father answerable in law for the negligent acts of his son in operating the machine. But in view of the

fact that the jury, by their verdict, exonerated the son from the charge of negligence, and without which negligence no legal liability could have been incurred by the father, it is manifest that if any error in stating the legal rule governing the father's liability was committed, it was harmless.

The judgment will be affirmed.

*For affirmance*—THE CHANCELLOR, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, JJ. 14.

*For reversal*—None.